T.C. Summary Opinion 2005-30


UNITED STATES TAX COURT


KEISHA SAMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2462-04S.          Filed March 23, 2005.


Keisha Sampson, pro se.

<u>Kathryn F. Patterson</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 2002 Federal income tax of $2,116. The issues for decision are whether petitioner: (a) Received income from self-employment; (b) is entitled to the earned income credit; (c) is entitled to head of household filing status; and (d) is entitled to claim two dependency exemptions.

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Luling, Texas.

## Background

Petitioner timely filed her Federal income tax return for 2002 showing her address as P.O. Box 1176, Luling, Texas. Petitioner claimed Derrick McKenzie (Derrick) and Destiny Sampson (Destiny) as dependents on the return. Petitioner's only income was reported on Schedule C, Profit or Loss From Business.

The Schedule C reported a principal business or profession of "SECRETARIAL/OFFICE ADMINISTRATIVE SERVICES" at 1604 Old Lake Road, Smithville, Texas. Petitioner reported gross income on Schedule C of $15,935, as well as office expense of $410, and phone expenses of $1,200, resulting in a net profit from business of $14,325.

Petitioner also attached to her return a Schedule EIC, Earned Income Credit, claiming Derrick and Destiny as qualifying children.

Petitioner signed a public housing dwelling lease for a unit located at 1717 E. Avenue I in Temple, Texas. The lease required her to pay $50 per month as rent and was to run from May 28, 2002, to May 27, 2003. In the lease it is agreed that the unit will be occupied only by petitioner, Glenisha McDonald, Freddick Andeson, Destiny Sampson, and Derrick McKenzie.

During the 2001-2002 school year, Destiny Sampson attended Brown Primary School (Brown) in Smithville, Texas. Smithville is about 110 miles from Temple, Texas.[1] Destiny's report card for 2001-2002 has lines for "Parent's Signature". All of the signatures are those of "Glenda Lewis". Destiny continued to attend Brown during the 2002-2003 school year. Glenda Lewis's signature is the only one on the report card for the 2002-2003 school year.

A "STUDENT WITHDRAWAL/RECORD TRANSFER FORM" for Derrick McKenzie indicates that he entered Brown on August 19, 2002, and withdrew on October 1, 2002. On October 1, 2002, Derrick was enrolled in the Meridith-Dunbar Magnet School in Temple, Texas. At some point during the first semester of the 2002-2003 school

---

[1]The Court takes judicial notice of the approximate distances between the various towns discussed in the opinion. See Fed. R. Evid. 201(b).

year, Derrick was enrolled in Hermes Elementary School (Hermes) in La Grange, Texas, where he remained for the rest of the school year. His address was listed by Hermes as 128 E. Cedar Street, La Grange, Texas. La Grange is about 128 miles from Temple.

## Discussion

Because petitioner failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case.

### Schedule C Income

Respondent determined that petitioner had not earned the income reported on her Schedule C. Petitioner testified that she had a babysitting business and was "self-employed for about a year cutting yards, doing odds and ends, cleaning house, doing several different things to earn a living." She added that she poured concrete and worked for OBM Enterprises for the last 5 years.

Petitioner provided the Court with two documents titled "Original Affidavit In Any Fact". In these documents, Mr. O.B. Marshall states that petitioner was engaged in the "good faith performance of Principal Business or profession of Secretarial/Office Administration Services during the course of operations of O.B. Marshall D/BA OBM Enterprises, Inc. and the related party transactions of other Business(es) and Individual(s)" as an employee and as a self-employed individual

for 2003. Petitioner, however, failed to provide any documentary evidence of any of her alleged employment activities and did not provide a satisfactory explanation for her lack of evidence. Mr. Marshall, who appeared as a witness, failed to produce any tax forms, pay stubs, or invoices to document petitioner's employment by him in any capacity. Respondent's determination that petitioner did not have self-employment income is sustained.

Earned Income Credit

Petitioner claimed the earned income credit for two "qualifying" children, Destiny and Derrick. Respondent determined that petitioner is not entitled to the earned income credit.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. The credit is a refundable credit that is treated as a payment of tax. Secs. 6401(b), 32. The credit is based on "earned income" which includes wages, salaries, tips, and earnings from self-employment. Sec. 32(a), (c)(2). The amount of the credit is determined by multiplying an individual's earned income by a percentage. Sec. 32(a)(1). Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Because petitioner has not shown that she had earned income for the year, she is not entitled to an earned income credit. Because petitioner has not shown that she had any income for the year, she was not required to file a Federal income tax return and the Court need not reach the issues of her filing status and her entitlement to dependency exemptions. See sec. 6012(a)(1)(A).

Respondent's deficiency determination is in all respects sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.